

# THE ATTORNEY GENERAL.

## OF TEXAS

Gerald C. Mann        AUSTIN 11, TEXAS

**ATTORNEY GENERAL.**

Hon. George H. Cox      Opinion No. O-5025
State Health Officer     Re: Commissioners' Courts may expend
Texas State Board of     county funds for the purpose of col-
 Health                lecting and disposing of garbage if
Austin, Texas         same is deemed by the Commissioners'
                          Court to be in behalf of the public
                          health and sanitation of the county
Dear Sir:             and a related matter.

      Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

      "The national Congress has appropriated, un-
    der the provisions of the Lanham Act, $300,000,000
    to provide funds to relieve local municipalities
    from the financial burdens occasioned by large in-
    fluxes of population caused by the establishment
    of Army camps, Naval stations, flying fields, and
    war industries in and near these communities, for
    the construction of community utilities and to pro-
    vide sanitation for the protection of public health.
    The administration of these funds and the supervi-
    sion of construction has been placed under the
    Federal Works Agency, with regional offices in Fort
    Worth, Texas, for the southwestern region. The
    Texas State Department of Health has filed numer-
    ous applications with the Federal Works Agency for
    allotment of funds for maintenance and operation
    of sanitary projects, collection and disposal of
    garbage, sanitary pit privies, protection of small
    water supplies, and supervisory personnel. To date,
    none of these projects filed by the department for
    the foregoing purposes has received the approval
    of the Federal Works Agency and had funds allotted
    to them. The Lanham Act provides, among other
    things, that the funds appropriated may be allotted
    to municipalities and political sub divisions,
    provided the municipalities or the political sub
    divisions cannot provide the facilities without im-
    posing a heavy financial burden upon themselves.

      "Some uncertainty and doubts have arisen as to
    the legality of counties participating financially

in contributing to the financing of mainten-
ance and operation of emergency sanitation pro-
jects. We shall ask you to give us advise on the
following questions:

"Article 4418-f, Vernon's Statutes, provides
that it shall be lawful for the State Department
of Health to accept donations and contributions
to be expended in the interest of public health
and the enforcement of public health laws. The
commissioners court of any county shall have the
authority to appropriate and expend money from the
general revenues of its county for and in behalf
of public health and sanitation within its county.

"Question 1. Is it legal for a Commissioners'
Court to expend moneys from its general fund to
provide for collection and disposal of garbage from
persons living outside the limits of an incorporat-
ed city or town where the State Health Department
advises that failure to do so is a menace to the
health of the citizens of such county?

"Question 2. Under the same article above
cited, but keeping in mind the provisions of Sec-
tion 52, Article 3 of the Constitution of Texas,
is it lawful for the County Commissioners' Court
to expend moneys from the General Fund of the
County for the purpose of constructing privies on
private property where the State Board of Health
advises such construction is necessary in the inter-
ests of the public health of the citizens of the
County?

"The Army, Navy, and Air Corps have estab-
lished training camps, air fields, Naval stations,
ship building yards, and other war industries in
more than seventy-five communities and areas in the
State of Texas. Many of these areas formerly had
sparse populations, with only sufficient community
facilities to accommodate normal populations. The
influxes of trainees, war workers, and civilians has
thrown an excessive burden upon these communities
and areas so that at the present time the facilities
are inadequate and many of the communities have no
finances or credit with which to provide relief.
Emergencies exist in many areas. It is imperative
that they be relieved at the earliest possible time.
Therefore, we shall ask you to give us an answer to
the foregoing questions at your earliest convenience.

". . . ."

Article 4418f, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

". . . The commissioners' court of any county shall have the authority to appropriate and expend money from the general revenues of its county for and in behalf of public health and sanitation within the county."

Construing the above quoted portion of the statute we said in our opinion No. O-2580A:

"No detailed direction is given as to how such general power shall be exercised but this matter is left largely within the discretion of the commissioners' court."

In opinion No. O-4725 of this department we held that the Commissioners' Court could expend funds from the general fund of the county for the purpose of establishing and supporting a prophylactic unit if the court considered same to be in behalf of the public health and sanitation of the county.

In answer to your first question it is our opinion that same should be answered in the affirmative if the Commissioners' Court deems the collection and disposal of such garbage to be in behalf of the public health and sanitation of the county.

We cannot categorically answer your second question as we do not have sufficient facts before us. However we think the Commissioners' Court would have authority to expend county funds (from the general fund of the county) for the purpose of building or providing public toilets to relieve a situation affecting the public health of the county. However, we do not think the Commissioners' Court would be authorized to build private toilets for the private use of private individuals as this would amount to a gratuity which would be condemned by Section 52 of Article 3 of our State Constitution.

Trusting that this satisfactorily answers your inquiry, we are

APPROVED DEC 19, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY: RWF, CHAIRMAN

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

WJF:mp:wb